UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHNATHAN DRUMMOND,<br>  Plaintiff,<br><br>v.<br><br>SHOE CARNIVAL INC.,<br>  Defendant. | Case No. 6:24-cv-1187-PGB-RMN<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

## I. INTRODUCTION

Johnathan Drummond ("Plaintiff" or "Mr. Drummond") by and through his counsel hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law (Dkt. No. 18, the "Motion").

## II. FACTUAL BACKGROUND

Plaintiff is a visually impaired and legally blind person. (Dkt. No. 16, "Amended Compl." at ¶2). Consequently, he uses a screen-reading software to read websites. *Id*. Despite his visual impairment, Plaintiff leads an active lifestyle, going on daily walks and working out at the local Golds Gym in Daytona Beach, Florida. *Id.* at ¶ 57.

1

On April 19, 2024, Plaintiff visited Shoe Carnival Inc.'s ("Shoe Carnival") website—Shoecarnival.com—(the "Website"). *Id.* Shoe Carnival is a shoe retailer. *Id.* at ¶ 7. Plaintiff visited the Website wishing to purchase a new pair of athletic sneakers. *Id.* at ¶ 57. The Website allows sighted users to locate Defendant's physical stores, obtain directions to the stores and store hours, contact customer service at the telephone number on the Website to clarify details about products or purchase procedure, place an order to purchase Defendant's merchandise that is also available for purchase in Defendant's physical stores, arrange in-store pickup of merchandise purchased online, obtain information regarding Defendant's privacy policies, rewards programs, latest trends, internet pricing specials, sales and other deals and/or promotions, etc. Amended Compl. at ¶¶ 8, 11, 12, 14, 30.

Plaintiff visited the Website wishing to purchase a new pair of athletic sneakers. *Id.* at ¶ 57. He ultimately selected the Nike Downshifter Sustainable Running Shoes model (the "Nike Sneakers"). However, he was prevented from benefiting from, and fully and equally accessing, the goods and services available to the non-visually disabled public at, in, and through the website and the physical stores due to the Website's lack of accessibility for the visually impaired. *Id.* at ¶¶ 18, 29, 37, 39, 55. Plaintiff was also deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar locations, as a result of accessibility barriers on Shoecarnival.com as

they relate to the brick and mortal locations. Plaintiff intends to frequent one of Defendant's physical locations in the Daytona Beach area, as soon as November or December of 2024, once the accessibility barriers are removed, as he primarily wears athletic shoes and frequently purchases them. *Id.* at ¶ 55.

Plaintiff brings two causes of action against Defendant, alleging violations of the American with Disabilities Act ("ADA") 42 U.S.C. § 12182 *et seq.* on the grounds that Defendant's Website, a public accommodation, failed to accommodate Plaintiff's disability, and seeking damages therefor. Amend Compl. at ¶¶ 76-84. Plaintiff also seeks declaratory relief for the same. *Id.*

## III.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 550 U.S. at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). However, this pleading standard "does not require 'detailed factual allegations[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To meet the "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## IV. ARGUMENT

### 1. Plaintiff Has Alleged That He Cannot Receive All Relevant Information About Shoe Carnival's Store From Its Website.

Shoe Carnival argues that because Plaintiff's original complaint (Dkt. No. 1, "Compl.") included the address of a Shoe Carnival store that must mean Plaintiff received the address from the Website and as such his allegations of not being able to access the Website are not plausible. Dkt. No. 18, Mot. at 2-3. This is plainly nonsensical because websites provide more than addresses and because Shoe Carnival points to nothing supportive of its request that the Court construe Plaintiff's filings against Plaintiff to find that Plaintiff learned the address from the Website independently.

Plaintiff's Amended Complaint alleges that "[o]ne of the functions of the [Shoe Carnival] Website is to provide the public information on the location, **phone number** and **hours of operation** of Defendant's physical stores." Amended Compl. at ¶ 6 (emphasis added). Further alleging that he is "unable

4

to learn" this information because the Website is not accessible to him. *Id.* at ¶ 30.

Defendant does not demonstrate Plaintiff is able to learn all of these key pieces of information from the Website nor that he acquired knowledge of the Shoe Carnival address independently. Under the ADA, Defendant is required to maintain its website in a form and format that would permit a disabled American – such as Plaintiff – to independently ascertain all the necessary information needed to utilize the features of Shoe Carnival's physical location from the Website. *See Reddish v. Ovadia*, No. 19-CV-62322, 2020 U.S. Dist. LEXIS 145940, *21 (S.D. Fla. Aug. 11, 2020) (denying motion to dismiss where "Plaintiff alleges that he was unable to **independently ascertain** the accessible features of the Hotel . . . **by reference to the Website** as required by the ADA.") (emphasis added). Defendant relies only on inferences – inappropriately reached by construing Plaintiff's pleadings in Defendant's favor – to conclude that because the original Complaint included the address of a Shoe Carnival that Plaintiff must have received that address from the Website, that he received it independently, and that he is also able to receive the store's phone number and hours of operation (among other information).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364,

5

1369 (11th Cir. 1997). Plaintiff has alleged that he was not able to determine Shoe Carnival's address, phone number, and hours of operation, independently and from the Website. This is sufficient to survive the Motion. Plaintiff's purported knowledge of the location of the physical store nearest to him when the Complaint was filed, from another source, is immaterial and has no bearing on the accuracy of Plaintiff's allegation regarding his inability to obtain it from the website when he first accessed it in April of 2024. Therefore, the fact that the exact address appears in the original Complaint but not the Amended Complaint is irrelevant.

Furthermore, the Court should disregard the Plaintiff's Interrogatory Answers entirely for purposes of a motion to dismiss, as they go beyond the four corners of the complaint. When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Accordingly, the Court's consideration on a motion to dismiss should be limited to the pleadings and exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*citing GSW, Inc., v. Lons County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

Additionally, since the original pleading was abandoned by amendment, facts not incorporated into the Amended Complaint cannot be considered by the court on a motion to dismiss the amended complaint. *Pintando v. Miami–

*Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). As an exception to this rule, Defendant urges the Court to disregard Plaintiff's allegations regarding his inability to access Defendant's stores as directly contradictory and cites to *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-Civ, 2018 U.S. Dist. LEXIS 181023, at *15 (S.D. Fla. Oct. 17, 2018), where plaintiffs attempted to bolster their allegations that Mrs. Yehuda was not a manager by omitting exhibits that were attached to their prior complaint (and which the Court relied upon) that undermined their allegations. In support of this contention, Defendant also cites to *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), where Colliton alleged that he has been "continuously employed as an attorney by [Cravath] between December 26, 2000, and March 1, 2006," in the original complaint, but changed his story in the amended complaint "claiming instead that Cravath employed him primarily as a "specialist," and that he "was never, at any time during the Employment Period, as associate, a senior attorney or counsel").

However, our case is nothing like *Rubinstein*, where key and material exhibits relied on by the Court were omitted, or *Colliton*, where facially contradictory allegations were clearly made (for example, from claiming continuous employment for over 5 years in the original complaint to never having an employment role at all in the amended complaint), and so, disregarding the additional pleadings in this Amended Complaint is simply not

7

warranted as Defendant's sole basis for its contention that the pleadings are contradictory is that the original complaint included the exact address of Defendant's Daytona Beach location, but the Amended Complaint only referenced the location by city/area ("the Daytona Beach area").

In fact, Plaintiff has an entirely logical explanation for amending the pleading in this manner. Defendant previously asserted, in its motion to dismiss the original complaint, that "Plaintiff does not allege that he cannot patronize the Dayona Beach store because he cannot obtain information from the Website—in fact he includes the store's address in his pleading." (Dkt. No. 12, pg. 8). And so, in an effort to address that exact argument and clarify that point, Plaintiff removed the store's exact address in the Amended Complaint and clarified that Plaintiff was unable to access information regarding's Defendant's physical location in Daytona Beach nearest to him, directions to this location, or a phone number at which to contact Defendant **at the time that he first accessed the website** in April of 2024. (Amended Compl. at ¶ 34). It is evident that Plaintiff made a good faith effort to address Defendant's argument, which Defendant is now unfairly attempting to use against him as both a sword and a shield. This is true especially in light of the fact that certain allegations regarding the physical location of Defendant's store are necessary to establish jurisdictional and standing requirements and/or the proximity to Defendant's store to the Plaintiff. Therefore, Defendant's claim that Plaintiff

8

reconstructed his facts in complete contradiction to his earlier pleading and sworn interrogatory responses is inaccurate, disingenuous, and outright misleading.

Defendant is deliberately attempting to misconstrue Plaintiff's allegations, employing a senseless play on words, to unreasonably delay litigation. The Could should not entertain Defendant's gamesmanship. Under every established standard of pleading an ADA claim, Plaintiff's Amended Complaint is sufficient, and Defendant's Motion should be denied in full.

### 2. Plaintiff Satisfies Every *Houston* Factor in Establishing an Injury-in-Fact.

Defendant argues that Plaintiff cannot satisfy Article III standing because he is unable to demonstrate an injury-in-fact. A plaintiff must establish standing in order to maintain a suit in federal court. *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1325 (11th Cir. 2021). In ADA cases seeking injunctive, standing is established by demonstrating "(1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision." *Id.* (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013)). In addition to past injury, a plaintiff seeking injunctive relief must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston*, 733 F.3d, at 1328 (quotations removed). The alleged injury must be real and immediate, not

hypothetical. *Id.* at 1329. The alleged injury must be real and immediate, not hypothetical. *Houston*, 733 F.3d at 1329. A plaintiff seeking prospective injunctive relief pursuant to Title III of the ADA must also plausibly show that the plaintiff will suffer disability discrimination by the defendant in the future. *Id.*

In considering the future injury element of standing in Title III cases, district courts in this Circuit apply a four-factor test, referred to as the *Houston* factors. *Price v. Escalante - Black Diamond Golf Club LLC*, No. 5:19-cv-22-Oc-30PRL, 2019 U.S. Dist. LEXIS 76288, at *9 (M.D. Fla. Apr. 29, 2019). The Eleventh Circuit has explained that the "*Houston* factors are not exclusive, and no factor is dispositive." *Id.* at *4 (citing *Houston*, 733 F.3d at 1337 n.6)). These factors include: 1) the proximity of the defendant's business to the plaintiff's residence; 2) the plaintiff's past patronage of the defendant's business; 3) the definiteness of the plaintiff's plan to return; and 4) the frequency of the plaintiff's travel near the defendant's business. *Houston*, 733 F.3d at 1327; *see also Silva v. Baptist Health S. Fla. Inc.*, 856 F.3d 824, 832 (11th Cir. 2017) ("In the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return."). Plaintiff satisfies all the *Houston* factors.

First, the proximity of Defendant's business and Plaintiff's residence weighs in Plaintiff's favor. Here, Plaintiff is a resident of Volusia County,

Florida. Amended Compl. at ¶ 22. As Defendant states, the closest Shoe Carnival location to Plaintiff is located at 2500 W International Speedway Blvd, Daytona Beach, FL 32114. Motion at 3. This is within **the same county** of Volusia. *Watson v. Lemongrass RPP LLC*, No. 1:22-CV-22917-WILLIAMS/REID, 2023 U.S. Dist. LEXIS 97338, *13 (S.D. Fla. June 5, 2023), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 143567, *9 (S.D. Fla. Aug. 16, 2023) (recommending motion to dismiss be denied where plaintiff "lives about 45 miles away from [d]efendant's Boca Raton location."); *Gomez v. Dadeland Dodge, Inc.*, No. 19-23682-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 73701, *9 (S.D. Fla. Apr. 24, 2020) (recommending motion to dismiss be denied where plaintiff lived within twelve miles of defendant's physical location); *Hilson v. D'More Help, Inc.*, No. 15-CIV-60155, 2015 U.S. Dist. LEXIS 89162, *5 (S.D. Fla. July 9, 2015) (denying motion to dismiss where plaintiff lived less than twenty miles away from defendant's facility).

Second, Plaintiff's past patronage of Defendant's business weighs in Plaintiff's favor. Plaintiff alleges that he first visited Defendant's website on April 19, 2024, and again on August 15, 2024. Amended Compl. at ¶ 32. Plaintiff leads an active lifestyle and wants to purchase a new pair of athletic sneakers for his daily walks and work outs at the local Golds Gym in Daytona Beach, Florida. *Id.* Plaintiff even selected a specific athletic shoe he wished to purchase when visiting the Website—the Nike Downshifter Sustainable

11

Running Shoes. *Id.* As the *Hilson* court noted, Plaintiff "doesn't need to" specify how frequently he visits the Defendant's store. *See* No. 15-CIV-60155, 2015 U.S. Dist. LEXIS 89162, at *5 (finding plaintiff satisfies Rule 8's pleading requirements and the *Houston* patronage element because "Plaintiff allegedly lives near enough to Defendant's facility to render plausible his narrative that he frequents the area to dine and would, in that context, want and need accommodation of Defendant's restaurant."). The same result was reached in *Waston*, where the court found that "although Plaintiff has **no past patronage** and he has not alleged he travels near the restaurants, allegations that **he will return to the website are more relevant**." 2023 U.S. Dist. LEXIS 97338, *13 (S.D. Fla. June 5, 2023), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 143567, *9 (S.D. Fla. Aug. 16, 2023) (emphasis added). Plaintiff has visited Defendant's Website and has specific plans to visit Defendant's physical location to try on the Nike Sneakers, especially because "he [is] unsure whether he need[s] a size 9 or size 9.5, and want[s] to ensure that this specific model fit him well, [is] not too tight or too loose, and that the height [is] comfortable." *Id.* at ¶ 58.

Third, the definiteness of Plaintiff's plan to return weighs in Plaintiff's favor. Here, Plaintiff leads an active lifestyle and will need athletic shoes now and in the future. Plaintiff alleges that he "intends to attempt to access the Website in the future to purchase products . . . and take advantage of the offers

12

and services on the Website, if remedied Plaintiff also intends to patronize one of Defendant's many physical locations in the near future and as **early as November and December 2024** for the upcoming holiday season." *Id.* at ¶ 44 (emphasis added); *Lugo v. Island Harbor Beach Club, LLC*, No. 2:22-cv-66-SPC-NPM, 2022 U.S. Dist. LEXIS 97899, *7-8 (M.D. Fla. June 1, 2022) (denying motion to dismiss where plaintiff alleged he will revisit "in the near future, and within thirty (30) days[.]")

Finally, the frequency of Plaintiff's travel near the Defendant's business weighs in Plaintiff's favor. Here, Plaintiff alleged he does daily walks and works out "at the local Golds Gyms in Daytona Beach, Florida." Amended Compl. at ¶ 32. The Gold Gyms in Daytona Beach is located less than two miles from the Shoe Carnival location mentioned in Defendant's Motion. This frequency is sufficient to satisfy the fourth *Houston* factor. *See Thomas v. Branch Banking & Tr. Co.*, No. 1:13-cv-656-TCB, 2013 U.S. Dist. LEXIS 191789, *8 (N.D. Ga. Oct. 16, 2013) (denying motion to dismiss where plaintiff alleged that "she travels in the area of the ATMs on an everyday basis."); *see also Larkin v. Envoy Orlando Holdings LLC*, 116 F. Supp. 3d 1316 (M.D. Fla. 2015) (holding that "[w]here a disabled individual states that he intends to return to a public accommodation in his home town, eight miles from his home, as soon as he will no longer be subject to discrimination based on his disability, then that person has established standing.").

13

### 3. Plaintiff Is Unable to Access Defendant's Website and Store, Which Constitutes a Violation of the ADA.

Defendant' Motion relies entirely on either outdated or non-binding case law from other circuit courts for the proposition that the ADA does not apply to a website that impedes the plaintiff's access to a physical store location. But Defendant's argument for dismissal was squarely rejected by the Eleventh Circuit in *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752 (11th Cir. 2018)).

In *Haynes*, a unanimous panel of the Eleventh Circuit decided that company websites are covered by the ADA where that website functioned as an intangible barrier to access goods and services that were also available in a physical location the defendant owned and operated. *Id.* at 754. In rendering its decision, the court reversed the district court's dismissal of the plaintiff's ADA website complaint based on plaintiff's failure to plead that the access barriers encountered on the website impeded his access to one of the defendant's physical locations. This is the exact argument Defendant now advances here. Relying on its earlier decision in *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002), the court squarely concluded that a company website that facilitates the use of the physical locations is covered by the ADA and that the plaintiff had pled a plausible claim for relief under the ADA:

> It appears that the website is a service that facilitates the use of Dunkin' Donuts' shops, which are places of public accommodation. And the ADA is clear that whatever goods and services Dunkin' Donuts offers as a

14

> part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible. . . [T]he alleged inaccessibility of Dunkin' Donuts' website denies Haynes access to the services of the shops that are available on Dunkin' Donuts' website, **which includes the information about store locations and the ability to buy gift cards online**. The failure to make those services accessible to the blind can be said to exclude, deny, or otherwise treat blind people "differently than other individuals because of the absence of auxiliary aids and services...." 42 U.S.C. § 12182(b)(2)(A)(iii).

*Haynes*, 741 F. App'x at 754 (emphasis added); *see also Gomez v. General Nutrition Corp.*, 323 F.Supp.2d 1368, 1375-76 (S.D. Fla. 2018) (applying *Haynes* decision and ruling that company's website was a place of public accommodation governed by the ADA).

Indeed, in recent Southern District of Florida decisions, this Court's sister-district has expressly relied upon *Haynes* to deny motions to dismiss in which the defendants have argued, among other things, that the plaintiffs failed to plead that the respective website barriers had prevented the plaintiffs' access to the physical store locations. *See Fernandez v. Flanigan's Enter., Inc.*, No. 23-80073-CIV-SINGHAL, 2023 U.S. Dist. LEXIS 114131 (S.D. Fla. June 29, 2023); *Ariza v. The Coffee Beanery, Ltd*, 643 F.Supp.3d 1334 (S.D. Fla. 2022), and *Ariza v. Broward Design Ctr., Inc.*, No. 22-61475-CIV-DIMITROULEAS, 2022 U.S. Dist. LEXIS 192421 (S.D. Fla. Oct. 18, 2022). In all three cases, the Court concluded that the factual allegations of the complaint, which are virtually identical to those in the Amended Complaint at issue here, were sufficient to state plausible claims for relief under the ADA.

15

While not binding on this District, these Southern District of Florida cases are directly in line with the governing precedent in the Eleventh Circuit, which currently stands as the authority on this issue. Defendant fails to acknowledge the existence of any of these recent decisions, instead relying primarily on the *Gil* case, which has been vacated and is not binding. *See Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021), *opinion vacated as moot on panel reh'g*, 21 F.4th 775 (11th Cir. 2021).

Here, as did the plaintiffs in *Haynes* and in the aforementioned Southern District of Florida cases, Plaintiff has pled a plausible claim for relief under the ADA. Plaintiff has pled that Defendant's website allows users to locate Defendant's physical stores, obtain directions to the stores and store hours, contact customer service at the telephone number on the Website to clarify details about products or purchase procedure, place an order to purchase Defendant's merchandise that is also available for purchase in Defendant's physical stores, arrange in-store pickup of merchandise purchased online, and to obtain information regarding Defendant's privacy policies, rewards programs, latest trends, internet pricing specials, sales and other deals and/or promotions. Amended Compl. at ¶¶ 8, 11, 12, 14, 30.

Plaintiff has also alleged that by the provision of product descriptions, the ability to place an online or in-store order, and contact the brick and mortar locations, the Website is an integral part of the goods and services offered by

16

Defendant, and that by this nexus, the website is characterized as a place of public accommodation subject to Title III of the ADA because it is an integral extension of Defendant's place of public accommodation. Amended Compl. at ¶ 12. By and through this Website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. *Id*. The Website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation." *Id*. Plaintiff has sufficiently pled allegations that the Defendant's website forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

Plaintiff has also alleged that he was prevented from benefiting from, and fully and equally accessing, the goods and services available to the non-visually disabled public at, in, and through the website and the physical stores. *Id*. at ¶¶ 18, 29, 37, 39, 55. This is more than sufficient to plead a plausible ADA claim under Rule 12.

## V. CONCLUSION

In seeking dismissal, Defendant's Motion relies primarily on outdated and/or non-binding caselaw, a play on words that it asserts is a contradiction between Plaintiff's pleadings, and implicit requests that the Court construe those pleadings against Plaintiff. In short, the Motion utterly fails to show that Plaintiff's well pleaded Amended Complaint does not allege sufficient factual

allegations to support a plausible inference that Defendant's website violated the ADA by preventing Plaintiff from fully accessing the Website and consequently impeding Plaintiff from accessing Defendant's physical locations. For these reasons Defendant's Motion should be denied in full.

DATED: September 19, 2024

                                        Respectfully submitted,

                                        ALEKSANDRA KRAVETS, ESQ. P.A.
                                        *Attorney for Plaintiff*
                                        1100 Buchanan Street
                                        Hollywood, FL 33019
                                        Tel.: 347.268.9533
                                        Email: ak@akesqpa.com

                                        By:    */s/ Aleksandra Kravets*
                                                        Aleksandra Kravets
                                                        Florida Bar No.: 120562

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of September, 2024, a true and correct of the foregoing was electronically filed and served via United States mail on the party of record on the Service List below.

                                          /s/ Aleksandra Kravets
                                          **ALEKSANDRA KRAVETS, ESQ.**